H. W. SMITH PLUMBING CO. v. GRANDBERRY et al.

Western Section. July 19, 1933.

Petition for Certiorari denied by Supreme Court, December 15, 1933.

John F. Hall, of Jackson, for appellants.
David P. Murray and Victor Woerner, both of Jackson, for appellee.

SENTER, J. This is an appeal by Lula Grandberry et al. from a decree rendered against her in the chancery court of Madison county, Tennessee. The original bill was filed by the complainant, H. W. Smith

Plumbing Company, against Lula Grandberry and husband, seeking to enjoin the collection of a judgment by Lula Grandberry rendered in the circuit court of Madison county, Tennessee, in the sum of $100, and to have said judgment applied as a credit to a judgment which complainant had obtained against Lula Grandberry and husband in a justice of the peace court of Madison county in the sum of $173.20.

The defendant answered the original bill and made the answer a cross-bill, and in which it attacked the validity of the judgment rendered in the justice of the peace court in favor of the H. W. Smith Plumbing Company against Lula Grandberry and husband, and sought to have said judgment set aside as void and the original bill of complainant dismissed.

At the hearing of the cause, the chancellor held that the judgment of the H. W. Smith Plumbing Company against Lula Grandberry et al. in the justice of the peace court was a valid judgment against said defendants in said suit. There was a stipulation filed wherein it was agreed that there was a lien declared in favor of the attorney of the defendants Lula Grandberry et al. in the circuit court of Madison county in the suit of Lula Grandberry et al. v. H. W. Smith Plumbing Company, and also the cost of said circuit court suit, which attorney's fee amounting to the sum of $50 and the court costs in said circuit court case were paid by the complainant, H. W. Smith Plumbing Company. The chancellor held and so decreed that complainant was entitled to have set off the balance remaining of said judgment in the circuit court and to permanently enjoin the collection of said circuit court judgment. It was from this decree that the defendants have appealed to this court.

By the cross-bill of defendants Lula Grandberry et al., it was alleged that neither she nor her husband had been served with process in the case of H. W. Smith Plumbing Company against Lula Grandberry et al., and that the officer alleged to have made the return of the justice of the peace warrant, Clint Mathis, was not an officer of Madison county at the time of the alleged service of said process, and for these reasons alleged that the judgment was void.

This defense was set up by way of cross-bill to the original bill filed by complainant in this cause.

Independent of the question as to whether or not this attack made upon the judgment in the present case was a collateral attack or a direct attack, we are of the opinion that the record shows by a preponderance of the reliable evidence that Clint Mathis was a deputy sheriff of Madison County, Tennessee, and duly authorized to serve the process against the said defendants in said justice of the peace case, at the time the service of the same was had; that he did serve said process upon both defendants, and made his due and proper return upon the justice of the peace warrant, and by which it appears

that the defendants were summoned to appear before the justice of the peace issuing the warrant on the date stated therein, and that said defendants failed to appear and the judgment was accordingly rendered against said defendants by the justice of the peace in favor of the plaintiff in that case, for the amount of $173.20; that said judgment was regular and unappealed from.

It also appears that prior to that time the complainant in the present suit had sold and installed certain plumbing in the home owned by Lula Grandberry and her husband; that said plumbing fixtures, etc., were purchased by Lula Grandberry; and that she signed the conditional sales contract and installment note, and in which title was retained in said plumbing equipment until said installment note was fully paid and satisfied.

It further appears that default had been made in the payment of the installments on the purchase price of said plumbing equipment, and that the H. W. Smith Plumbing Company proceeded to sue the defendants Lula Grandberry and husband in said justice of the peace court, and obtained the judgment above referred to. Subsequently, there was a nulla bona return of the execution which had issued on said judgment, and upon the return of the execution nulla bona, the H. W. Smith Plumbing Company, without process at law, went to the home of the defendants Lula Grandberry and husband and took the major portion of said plumbing out and took it away. Following this, Lula Grandberry and husband sued the H. W. Smith Plumbing Company in a justice of the peace court on the theory that the H. W. Smith Plumbing Company had not advertised and sold the said plumbing equipment after regaining possession thereof, within the time, way, and manner as required by the conditional sales law, and sued to recover the amount alleged to have been paid by them on said plumbing equipment. This suit resulted in a judgment in favor of Lula Grandberry and husband in the justice of the peace court, and from which judgment the H. W. Smith Plumbing Company appealed to the circuit court of Madison county, and judgment was there rendered in favor of Lula Grandberry and husband, in the sum of $100. It is the collection of this judgment that the complainant seeks in the present chancery suit to enjoin, and to have the same applied as a credit to the $173.20 judgment which complainant had obtained against said defendants in the justice of the peace court in its suit against said defendants.

We think it evident from the record in this case that in rendering the judgment in the circuit court in favor of the Grandberrys and against the H. W. Smith Plumbing Company, it was upon the theory that there had been an unlawful conversion of the plumbing equipment by the H. W. Smith Plumbing Company, since the property was not repossessed in either of the methods required by the conditional sales law, in that it was not replevined nor was it turned

over by the Grandberrys to the plumbing company as repossessed property, to be disposed of as such. In this situation, the judgment could have only been for a conversion of the property and not for the amount which the defendants had paid on the same.

It is the contention of appellant under the assignments of error filed in this cause: First, that the cross-bill was not a collateral attack upon the judgment obtained by the H. W. Smith Plumbing Company against the defendants in the justice of the peace court, but was a direct attack upon said judgment. It is the further contention of appellants under the assignments of error in this case that the present suit is res judicata of the justice of the peace court in which cross-complainants obtained a judgment against the H. W. Smith Plumbing Company in the circuit court, and if they had any claim for set-off that it should have been pleaded in said suit.

For the reasons hereinbefore stated, we are of the opinion that irrespective of the question as to whether or not the cross-bill may be treated as a direct attack and not a collateral attack upon the judgment of the H. W. Smith Plumbing Company against these defendants obtained in the justice of the peace court referred to, that it appears by a preponderance of the evidence that said judgment was regularly obtained and not void, and a valid judgment against the defendant, and wholly unsatisfied.

We are further of the opinion that the suit of the Grandberrys against the H. W. Smith Plumbing Company in the circuit court was for a conversion of the plumbing equipment and an unliquidated demand, and that it was not necessary for the complainants in the present suit to have entered a plea of set-off, or sought to have set off the judgment obtained by it in the justice of the peace court against these defendants, to the claim of the Grandberrys in said circuit court case, and that the bill in this cause is not res judicata of said former suit.

It results that we find no error in the decree of the chancellor, and the assignments of error are accordingly overruled. The cost of this appeal will be paid by appellants, the appeal being in forma pauperis.

Heiskell and Anderson, JJ., concur.